# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| JODY L. KEENER, ) | |
| ) | Bankruptcy No. 14-01169 |
| Debtor. ) | |
| ) | |
| JODY L. KEENER, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 14-09061 |
| ) | |
| v. ) | |
| ) | |
| SUPER WINGS ) | |
| INTERNATIONAL, LIMITED ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER RE:
## MOTION TO AMEND AND ALTER RULING

Defendant Super Wings International, Limited ("Super Wings") filed a Motion to Amend and Alter the Court's April 16, 2015 Ruling. That Ruling denied Super Wing's Motion to Dismiss Combined with or in the Alternative Motion for Summary Judgment ("Motion to Dismiss"). The Court held a hearing on May 7, 2015. Jeffrey Goetz appeared for Debtor. Eric Lam appeared for Super Wings. The Court granted Debtor additional time to file a resistance and took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

## STATEMENT OF THE CASE

Super Wings points out two factual errors in the Court's April 16, 2015 Ruling ("Ruling"). Super Wings argues that correcting these errors will affect the outcome of the Court's Ruling. Debtor agrees that there are factual errors in the Ruling, but does not agree that the errors affect the outcome of the case. The Court agrees with Super Wings and will correct the factual errors, revise its legal conclusions, and grant the Motion to Dismiss.

## PRIOR RULING AND ARGUMENTS TO AMEND AND ALTER

Debtor brought this adversary seeking turnover of valuable plastic toy molds from Super Wings. Super Wings made three arguments in its Motion to Dismiss. One argument was based on res judicata and two were based on the Court lacking jurisdiction.

Super Wings based its res judicata argument on the simple fact that the United States District Court for the Northern District of Iowa had already ruled on the ownership of the molds. The District Court concluded, among other things, that J. Lloyd International, Inc. ("JLI"), Debtor's wholly owned company, owned the molds, not Debtor. The District Court further concluded that JLI, not Debtor, had the right to demand and direct their return from Super Wings.

Debtor disagreed that res judicata applied. Debtor claimed that the facts had changed and that this current lawsuit is consistent with, not barred by, the previous

federal lawsuit. Debtor argued that he had sued JLI in a separate state court, received a default judgment against JLI, and later agreed to have JLI assign its right in the molds to Debtor in partial satisfaction of that default judgment ("Assignment"). Debtor claimed that the Assignment gave him the rights of JLI that the federal district court had recognized.

This Assignment was also the basis of Super Wing's two jurisdictional arguments. Super Wings argued that the Assignment was void under the § 362 automatic stay and invalid under 28 U.S.C. § 1359 as an improper transfer to create jurisdiction. Because the Assignment was void and invalid, Super Wings argued, the Court did not have jurisdiction over this turnover action. Debtor disagreed with Super Wing's analysis.

The Court concluded that there were factual issues to resolve on all three issues. Thus, the Court found that immediate dismissal was not warranted.

Now Super Wings argues that the prior Ruling was based on an incorrect understanding of the factual record. Super Wings argues that the Court should correct these facts, revise its legal conclusions, and grant the Motion to Dismiss.

## STATEMENT OF FACTS

Super Wings correctly points out that the Ruling misstated the date of the Iowa District Court default judgment at Ruling p. 5. It occurred on February 14, 2011, not February 14, 2014, as the Court previously stated.

Super Wings also correctly points out that the ruling erroneously stated that the "Debtor claims to be in a [state court] lawsuit with his company to gain control over property that is rightfully his." Ruling p. 15. The underlying state court lawsuit did not involve the disputed property (the molds). Instead, it involved several promissory notes between Debtor and JLI.

Both parties now agree that the purpose of that state court lawsuit is not relevant here. They agree that the purpose of the Assignment from JLI to Debtor is the relevant inquiry. The Court incorporates all other facts detailed in the Ruling.

The Court finds that limiting the inquiry to the reason for the Assignment—not the factual basis for the underlying lawsuit—is dispositive. The Court originally found that a fact question existed about the purpose of the state court lawsuit by Debtor against his own company. Because the parties now agree that the purpose of that lawsuit is irrelevant, the finding that there were factual questions on that issue is also irrelevant.

The record is not in dispute about the relevant issue—the Assignment. At Debtor's 341 examination, Counsel for Debtor unequivocally stated the purpose of the Assignment:

> And that had to do with the Super Wings not recognizing the automatic stay in the Chapter—in the involuntary and their threat to dispose of it. So to bring all of that property into the protection of the automatic stay in the involuntary, there was a transaction. . . . And so now that it is, in fact, property of the estate, there's an assurance that

it can't be liquidated, because there had been a threat of selling it for scrap.

Ruling at 21–22.

Super Wings reiterates that on the proper record—limited to the facts above—the Assignment improperly creates jurisdiction in this Court and also causes other serious problems. Although Super Wings continues to point out that Debtor and Super Wings already had a full lawsuit on the exact same issue—Debtor's entitlement to the molds—in the United States District Court for the Northern District of Iowa, that is relevant only to provide context for the limited purpose of this Motion.

## DISCUSSION

### I.    Applicable Standard

Super Wings filed its Motion to Amend and Alter Ruling on April 29, 2015, just 13 days after the Ruling was entered. Super Wings cited Federal Rules of Bankruptcy Procedure 9024 and 7052 as the basis for this Motion. It also cited Federal Rules of Civil Procedure 60(a), 60(b)(1), and 52(b) and referenced the Court's broad authority under 11 U.S.C. § 105.[1] Debtor resisted, arguing that

---

[1] Rule 9024 applies Federal Rule of Civil Procedure 60 to bankruptcy cases. Rule 9023 applies Federal Rule of Civil Procedure 59 to bankruptcy proceedings. Rule 7052 applies Federal Rule of Civil Procedure 52 to adversary proceedings except that motions should be filed within 14 days after the entry of a judgment. Rule 60(a) allows the court to correct clerical mistakes, oversights, and omissions. Rule 60(b)(1) allows the court to relieve a party from their obligations under the ruling

Federal Rule of Bankruptcy Procedure 9023 must apply because Super Wings filed the motion within 14 days of the Ruling.

Because Super Wings specifically invoked Federal Rule of Bankruptcy Procedure 9024, the Court will use that provision's applicable standard along with other provisions cited. See Auto Servs. Co., Inc. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir. 2008) (explaining that the Court would use the Rule cited by the moving party). But under Rule 9023 or 9024, the Court can alter or amend a ruling that contains legal or factual errors. See United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (discussing Rule 59 in the context of a new trial); Kopolow v. P.M. Holding Corp. (In re Modern Textile, Inc.), 900 F.2d 1184, 1193 (8th Cir. 1990) (explaining that the Court has the power to "clarify and correct omissions in its judgment to reflect what the court originally intended" under Rule 60); Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987), as amended, 835 F.2d 710 (7th Cir. 1987))). "Relief under Rule 60 is extraordinary and lies

---

where there has been "mistake, inadvertence, surprise, or excusable neglect." Rule 59 allows for new trials and altering or amending judgments. Rule 52(b) allows the court to amend its findings or make additional findings. Lastly, § 105 states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

within the court's discretion." Crofford v. Conseco Fin. Servicing Corp. (In re Crofford), 277 B.R. 109, 113 (B.A.P. 8th Cir. 2002). If a fact mistake is substantial, then the Court can set aside the judgment. See In re DEF Invs., Inc., 186 B.R. 671, 680–81 (Bankr. D. Minn. 1995).

Here, the Court has amended its finding on two important facts: the date of the Iowa District Court default judgment and the underlying purpose of the state court lawsuit. The date of the Iowa District Court judgment alone does not change the Court's decision. But this fact, coupled with the parties' agreement that the purpose of the Assignment—not the purpose of the lawsuit—is the relevant issue, does change the Court's decision.

Although the Court did consider the effect of the Assignment in the Ruling, the analysis was combined with incorrect findings about the purpose of the underlying lawsuit. Now the parties agree that the fact issues that the Court found to exist are irrelevant. Therefore, the Court finds that relief under Rule 60 is warranted.

**II. Issues in Super Wings' Motion to Amend and Alter**

**A. Dismissal Under 28 U.S.C. § 1359**

Super Wings argues that the Court did not apply the correct legal standard under 28 U.S.C. § 1359 in the Ruling when it addressed the legitimacy of the Assignment. Super Wings argues that Debtor has the burden to prove that the

7

Assignment was not collusive and argues that the Court did not properly hold Debtor to this burden.

Super Wings argues that Debtor improperly attempted to create jurisdiction through a collusive assignment such that 28 U.S.C. § 1359 removes this adversary from the Court's jurisdiction. That statute states: "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359 (2012). Debtor continues to argue that 28 U.S.C. § 1359 does not apply to bankruptcy cases, and even if it did, he has shown that the Assignment was proper. Debtor also argues that 28 U.S.C. § 1359 does not apply because he is not trying to "join" a party to the case. The analysis of these arguments follows.

In its Ruling, the Court determined that 28 U.S.C. § 1359 applies to bankruptcy cases. Ruling at 18–20. The Court has carefully reviewed the law and affirms its conclusion that 28 U.S.C. § 1359 applies here. e.g., Premium of Am., LLC v. Sanchez (In re Premium Escrow Servs., Inc.), 342 B.R. 390, 394 n.1 (Bankr. D.C. 2006) ("Although the statute references 'district court[s]' specifically, bankruptcy courts are units of their respective district courts, and have jurisdiction over a case only insofar as it [is] referred to them by those district courts. If a district court could not assert jurisdiction over a particular case, a bankruptcy court

could not, either." (citation omitted) (first alteration in the original)); Maislin Indus., U.S., Inc. v. C.J. Van Houten E Zoon, Inc. (In re Maislin Indus., U.S., Inc.), 66 B.R. 614, 617 (E.D. Mich. 1986) ("[Section] 1359 applies in the context of a bankruptcy proceeding."). But see, e.g., Longview Power, LLC v. First Am. Title Ins. (In re: Longview Power, LLC), 516 B.R. 282, 293 (Bankr. D. Del. 2014) (expressing uncertainty about whether 28 U.S.C. § 1359 applies to bankruptcy proceedings).

Although 28 U.S.C. § 1359 "has generally been restricted to [assignments that] collusively create diversity jurisdiction," Delgado v. Shell Oil Co., 231 F.3d 165, 178 (5th Cir. 2000), the statutory language addresses jurisdiction generally, not just diversity jurisdiction. Maislin Indus., 66 B.R. at 617 ("Apparently, Section 1359 has thus far only been invoked in the context of diversity jurisdiction. However, the language of the statute broadly addresses the jurisdiction of the district court."); see also Ins. Corp. of Ireland, Ltd v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court.").

In the bankruptcy context, courts must "carefully examine" post-petition assignments to see if—even though they appear to give jurisdiction to the court—they were actually collusive and done to invoke jurisdiction in violation of 28 U.S.C. § 1359. Balzotti v. RAD Invs., 273 B.R. 327, 331 (D.N.H. 2002). Thus,

where a party "attempt[s] to manufacture bankruptcy jurisdiction by obtaining an assignment of [another's] claim and then pursu[es] it within the bankruptcy proceedings[] 28 U.S.C. § 1359 limits the subject matter jurisdiction of the district courts." Maislin Indus., 66 B.R. at 617.

Unlike a facial attack on jurisdiction, in which the Court takes the pleadings as true and does not look beyond them, whether an assignment falls under 28 U.S.C. § 1359 is a "fact-intensive question." Branson Label, Inc. v. City of Branson, Mo., No. 14-3051, 2015 WL 4385589 at *3 (8th Cir. July 17, 2015) (quoting Nat'l Fitness Holdings, Inc. v. Grand View Corp. Centre, LLC, 749 F.3d 1202, 1205 (10th Cir.2014)). Thus, in considering this "factual attack" on jurisdiction, the Court may look beyond the pleadings and at the Assignment and its context to properly apply 28 U.S.C. § 1359. Id.

The Eighth Circuit uses a totality of the circumstances approach to determine whether a party has attempted to manufacture jurisdiction improperly under 28 U.S.C. § 1359. Branson Label, at *4–7. The Eighth Circuit set out several factors to consider in using this totality of the circumstances approach:

> (1) whether the assignee had any previous connection to the assigned claim; (2) whether the assignee has any assets other than the assigned claim and has any business functions other than pursuing the litigation; (3) whether there was meaningful or merely nominal consideration for the assignment; (4) whether the timing of the assignment suggests it was primarily executed to secure federal diversity jurisdiction; (5) whether the assignor retains any control or influence over the conduct of the litigation or the assignee's attorney;

10

> (6) whether the assignor retains any interest in the outcome of the litigation; (7) whether the assignment was motivated, at least in part, by a desire to create diversity jurisdiction; and (8) the extent the party asserting diversity jurisdiction can rebut any claim of collusion by asserting a legitimate business purpose for the assignment.

Id. at *4 (footnotes omitted). The Eighth Circuit uses "heightened scrutiny" where the assignment is between "closely related business entities." Id. at *5.

Here it is undisputed that Debtor and JLI are closely related entities. Debtor owns 100% of JLI. He has complete control over JLI. Thus, the Court continues to use the heightened scrutiny it discussed in its original Ruling. Ruling at 21–22. The plaintiff has the burden of establishing jurisdiction and "heightened scrutiny compounds this burden." Branson Label, at *5. Because Debtor's alleged right to turnover of the molds as property of Debtor's estate under § 541 rests on the Assignment from JLI, the Court must examine the Assignment to determine whether it was "improperly or collusively made . . . to invoke the jurisdiction of [this] court." 28 U.S.C. § 1359.

Here, on the corrected factual record and taking all of Debtor's facts as true, Debtor has failed to meet this compounded burden. The Court finds that Debtor has failed to demonstrate that the Assignment was not "improperly or collusively made" to survive dismissal under 28 U.S.C. § 1359.

The details of the Assignment are not in dispute. The Assignment occurred between Debtor and JLI—a company in which Debtor is the sole shareholder,

11

director, and officer. The Assignment transferred property that was allegedly worth $15 million for release of $1 million of a default judgment Debtor obtained against JLI in state court. Debtor actually admits that the Assignment occurred to bring the molds under the Bankruptcy Code's automatic stay protection and make them property of Debtor's estate. The Assignment is the sole factual basis for Debtor's argument that this Court has jurisdiction over this turnover adversary. Without the Assignment, Debtor has no right to turnover or any ability to assert ownership. The undisputed factual record simply does not satisfy Debtor's compounded burden to show that the Assignment was not collusive.

Debtor may meet the compounded burden raised by the close relationship between him and his company. He may do so by showing a legitimate, non-pretextual business reason for the Assignment. Brandon Label at *4; Madsen v. Am. Home Prods. Corp., 477 F. Supp. 2d 1025, 1031 (E.D. Mo. 2007) (citing Yokeno v. Mafnas, 973 F.2d 803, 811 (9th Cir. 1992). "The business reason must be sufficiently compelling that the [transaction] would have been made absent the purpose of gaining a federal forum." Madsen, 477 F. Supp.2d at 1031.

Debtor asserts that the Assignment did have a legitimate business purpose: to provide the best chance of recovery for his creditors. But Debtor points to nothing in the record submitted with this Motion that shows a legitimate business reason for the Assignment. Thus he fails to rebut the evidence of collusion. The

Court finds that Debtor's asserted legitimate business purpose is nowhere supported by the factual record. The Court concludes on the record that Debtor brought the property into the bankruptcy solely to protect it with the automatic stay. Debtor admitted as much. This attempt to make a creative use of bankruptcy jurisdiction violates 28 U.S.C § 1359. Debtor, in short, failed his "burden of establishing that [his] cause of action lies within the limited jurisdiction of the federal [bankruptcy] courts." Branson Label, at *5.

### B. Other Issues

Super Wings raised additional issues in the Motion to Amend and Alter that the Court does not need to address at length. Super Wings argued that the Court-ordered evidentiary hearing is inappropriate and that Debtor failed to meet his burden to show a factual dispute to prevent summary judgment or dismissal. Debtor disagreed, arguing that he met his burden. Because the Court finds that it does not have jurisdiction over the adversary based on agreed facts, there is no need to address these issues.

Super Wings' also argued that dismissal is appropriate because the Assignment was void under the automatic stay. See Ruling Part II; 11 U.S.C. §§ 303 & 362. Even though the Court corrected the factual errors, the Court's rationale on the violation of the automatic stay does not require revision. The Court need not take a deeper look at this issue because dismissal is warranted on

13

other grounds. Likewise, to the extent Super Wings reasserted its res judicata arguments in its Motion, there is no need to address them.

## CONCLUSION

**WHEREFORE**, the Court amends its factual findings in the April 16, 2015 Ruling in a manner consistent with this Opinion.

**FURTHER**, Super Wings' Motion to Dismiss is GRANTED for the reasons articulated in this Opinion.

Dated and Entered: August 28, 2015

/s/ Thad J. Collins
**THAD J. COLLINS**
**CHIEF BANKRUPTCY JUDGE**